United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50122
Conference Calendar

_____

ALBERT DE LA GARZA,

                                    Plaintiff-Appellant,

versus

A. M. STRINGFELLOW; GARY L. JOHNSON, EXECUTIVE DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE; DOUG DRETKE, DIRECTOR,
CORRECTIONAL INSTITUTIONS DIVISION; HECTOR BARRERA; TERRY FOSTER,
SR.; DAN C. LEWIS; DELOIS TARVER; CALVIN DAVIS; MARTIN
COBRRUBIAS; PATRICIA L. CHARLES,

                                    Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-257-JN

--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Albert de la Garza, Texas prisoner # 645460, moves for leave
to proceed in forma pauperis (IFP) on appeal from the denial of
his FED. R. CIV. P. 60(b) motion alleging newly discovered
evidence in support of his 42 U.S.C. § 1983 claim of inadequate
staffing by the Texas Department of Criminal Justice.  The
district court denied de la Garza's motion for leave to proceed

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IFP on appeal and certified that his appeal was not taken in good faith.

De la Garza challenges the district court's determination that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). To establish good faith, de la Garza must show that his appeal involves legal points which are arguable on their merits and not frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). To the extent that any of the information that de la Garza provided qualifies as newly discovered, it does not establish a constitutional violation. Additionally, his contention that the district court erred by ruling on his FED. R. CIV. P. 60(b) motion prior to his filing a reply brief is without merit. See W.D. TEX. LOCAL R. CV-7(e). Accordingly, we uphold the district court's certification that the appeal presents no nonfrivolous issues. De la Garza's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24.

The district court's dismissal of de la Garza's complaint for failure to state a claim and this dismissal both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). De la Garza is warned that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING
ISSUED.